**UNITED STATES of America,**
**Appellee,**

v.

**Joseph SCLAFANI, Defendant–**
**Appellant.**

**Docket Nos. 00–1820, 01–1009.**

United States Court of Appeals,
Second Circuit.

Dec. 20, 2002.

Gail Laser, N.Y., N.Y., argued orally; appellant filed a brief pro se, for Appellant.

Andrew M. Genser, Ass't U.S. Att'y, EDNY, Brooklyn, NY, for Appellee.

Present NEWMAN, KEARSE and LEVAL, Circuit Judges.

***SUMMARY ORDER***

This cause came on to be heard on the record from the United States District Court for the Eastern District of New York, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.

Defendant Joseph Sclafani appeals from a judgment entered in the United States District Court for the Eastern District of New York following his plea of guilty before Charles P. Sifton, *Judge,* convicting him of racketeering, in violation of 18 U.S.C. §§ 1962(c) and 1963(a), and conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B), and sentencing him principally to 97 months' imprisonment to be served concurrently with the undischarged portion of a sentence Sclafani was then serving (the "prior sentence"), to be followed by a four-year term of supervised release. On appeal, Sclafani contends principally (1) that 21 U.S.C. § 841 is unconstitutional on its face under the principle announced in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because it permits the judge to determine the quantity of narcotics on which the defendant's sentence will be based, rather than requiring that determination to be made by a jury; and (2) that in imposing sentence, the district court should have given him credit for time he had already served on the prior sentence. Finding no basis for reversal, we affirm the judgment.

Sclafani's *Apprendi* challenge to the constitutionality of § 841 is foreclosed by this Court's decision in *United States v. Outen,* 286 F.3d 622 (2d Cir.2002). *See id.* at 634 ("We join every other circuit to have ad-

dressed this argument [that *Apprendi* renders § 841 unconstitutional on its face] in rejecting it.") In any event, no *Apprendi* violation could be found in the present case, because, *inter alia,* Sclafani, in his plea allocution, stipulated that the narcotics conspiracy offense to which he pleaded guilty involved an estimated 3.5 to 5 kilograms of cocaine, and the district court used that quantity to determine Sclafani's Sentencing Guidelines ("Guidelines") offense level.

Nor are we persuaded by Sclafani's contention that he is entitled to be resentenced on the ground that the district court applied the wrong section of the Guidelines— § 5G1.3(c), rather than § 5G1.3(b)—in refusing to give him credit for time already served on his prior sentence. Subsection (b) of § 5G1.3, to the extent pertinent to the present appeal, provides that the sentence imposed for the instant offense shall be concurrent with the "undischarged" portion of a prison term imposed for a prior offense that was "fully taken into account in the determination of the offense level for the instant offense." Guidelines § 5G1.3(b). Further, if the court determines that the Bureau of Prisons will not give the defendant credit for time already served on a prior offense that was fully taken into account in determining the offense level for the instant offense, the court "should adjust the sentence for any period of imprisonment already served." *Id.* Application Note 2. The relevant portion of the policy statement set forth in subsection (c) of § 5G1.3 provides that, if subsection (b) is inapplicable, the sentence for the instant offense may be concurrent with the "undischarged" portion of the prior prison term, *see id.* § 5G1.3(c); neither § 5G1.3(c) nor the Guidelines commentary provides that the court is allowed to give credit for time already served if, in the determination of the defendant's offense level for the in-

stant offense, the prior offense was not fully taken into account.

In the present case, the district court found that subsection (b) of § 5G1.3 was inapplicable because Sclafani's prior offense did not affect his offense level in the present case and thus was not fully taken into account, and we are not persuaded that this finding was error. However, we need not resolve the matter of which subsection was applicable because the district court, in discussing the sentence to be imposed and the amount of credit to be given, assumed that it had discretion even under subsection (c) to give Sclafani credit for time already served. The court made it plain, however, that, given the seriousness of Sclafani's present offenses and the fact that they were more serious than his prior offense, it believed that an appropriate sentence would not include credit for time Sclafani had already served. We find that the record sufficiently clearly reveals that the district court refused to exercise the discretion it believed it possessed under (c) to grant such credit and shows, therefore, that the court would have imposed the same sentence under (b) that it imposed under (c). Accordingly, even assuming *arguendo* that Sclafani were correct in his contention that he should have been sentenced under (b), the record indicates that his sentence would have been the same under that subsection, and hence there is no basis for reversal. *See generally United States v. McHugh,* 122 F.3d 153, 158 (2d Cir.1997); *United States v. Arigbodi,* 924 F.2d 462, 464 (2d Cir.1991).

We have considered all of Sclafani's contentions on this appeal and have found in them no basis for reversal. The judgment of the district court is affirmed.